## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODRICK MAURICE BRAYBOY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-4975** |
| | : | |
| **GOVERNMENT JURISPRUDENCE** | : | |
| **OFFICE,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**GOLDBERG, C.J.**                                                                                              **March 7th, 2024**

Plaintiff Rodrick Maurice Brayboy, a convicted prisoner currently incarcerated at SCI Mahanoy, brings this <u>pro se</u> civil action pursuant to 42 U.S.C. § 1983. Brayboy asserts constitutional claims related to criminal charges that were initiated in September 2001 but ultimately withdrawn. Brayboy seeks leave to proceed <u>in forma pauperis</u>. For the following reasons, I will grant Brayboy leave to proceed <u>in forma pauperis</u> and dismiss his Complaint.

### I.        BACKGROUND

Brayboy names the following Defendants in his Complaint: (1) the "Government Jurisprudence Office"[1]; (2) Darby Borough; (3) Lexis Nexis; (4) the Commonwealth of Pennsylvania; and (5) Judge Cronin. (<u>Id.</u> at 1-3.) The factual allegations in Brayboy's Complaint are sparse and vague. Brayboy alleges that he was falsely arrested on September 28, 2001, that he was "adjudicated" for the crimes "without jurisdiction or probable cause," and that his constitutional rights were violated during the pretrial and preliminary stages of the criminal case.

---

[1] Based on the allegations in the Complaint, I understand the "Government Jurisprudence Office" to be the Pennsylvania Attorney General's Office. This is supported by Brayboy providing "Harrisburg, Pennsylvania" as the address for this Defendant.

(Compl. at 3, 6.)[2] Brayboy does not allege any facts about the underlying charges. However, the public record reflects that in September 2001, Brayboy was charged with weapons crimes. See Commonwealth v. Brayboy, CP-23-CR-0004356-2001 (C.P. Del.). The charges were later withdrawn on April 1, 2002. Id.[3]

Brayboy also alleges in his Complaint that Judge Cronin violated his rights when he held a hearing "pertaining to" prejudicial evidence and allowed the case to be "published" on Lexis Nexis. (Id. at 7.) Brayboy states vaguely and without any factual support that his rights under the U.S. and other "state constitutions" were violated as well as his rights under the Rules of Criminal Procedure, statutes, treaties, the Rules of Evidence, and other laws. (Id. at 3.) He further states that the Attorney General's Office and "Government Jurisprudence" failed to "make sure the law was adhered to before charges" were brought against him. (Id. at 6-7.) Based on these allegations, Brayboy seeks money damages. (Id. at 6.)

In addition to his Complaint, Brayboy filed a "Motion to Amend Proceedings," wherein he requests to add a claim for false imprisonment and requests additional money damages. (See ECF No. 11.)[4] Although I will consider Brayboy's Motion to Amend Proceedings in screening his Complaint, nothing in the Motion changes the conclusion that Brayboy's claims are all barred by the statute of limitations.

---

[2] Page numbers refer to those assigned to the Complaint by the CM/ECF system.

[3] Brayboy is currently incarcerated as the result of different criminal charges.

[4] Brayboy appears to cite to a Pennsylvania criminal statute, Pa. Cons. Stat. § 2903, in support of his false imprisonment claim. (See ECF No. 11.) However, § 2903, which criminalizes false imprisonment, does not provide for a private civil action. See Milligan v. Jacob, No. 18-cv-496, 2019 WL 3470801, at *10 (W.D. Pa. July 8, 2019), report and recommendation adopted, No. 18-cv-496, 2019 WL 3460136 (W.D. Pa. July 31, 2019), aff'd, 826 F. App'x 256 (3d Cir. 2020); see also Strunk v. Wells Fargo Bank, N.A., 614 F. App'x 586, 589 n.4 (3d Cir. 2015) (per curiam). I will construe Brayboy's Motion to Amend as a request to add a civil false imprisonment claim to his Complaint.

## II.     STANDARD OF REVIEW

I will grant Brayboy leave to proceed <u>in forma pauperis</u> because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that the complaint be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), <u>see</u> <u>Tourscher v. McCullough</u>, 184 F.3d 236, 240 (3d Cir. 1999), which requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[a court must] accept the facts alleged in [the <u>pro se</u>] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" <u>Shorter v. United States</u>, 12 F.4th 366, 374 (3d Cir. 2021) (quoting <u>Perez v. Fenoglio</u>, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. <u>Iqbal</u>, 556 U.S. at 678.

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." <u>Wisniewski v. Fisher</u>, 857 F.3d 152, 157 (3d Cir. 2017); <u>Whitenight v. Cmwlth. of Pa. State Police</u>, 674 F. App'x 142, 144 (3d Cir. 2017) (per curiam) ("When screening a complaint under § 1915, a district court may sua sponte dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)). As Brayboy is proceeding <u>pro se</u>, I will construe his allegations liberally. <u>Vogt v. Wetzel</u>, 8 F.4th 182, 185 (3d Cir. 2021).

3

## III.    DISCUSSION

Brayboy brings claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Brayboy appears to assert false arrest, false imprisonment, and due process claims based on the charges that were initiated in September of 2001 and withdrawn in April of 2002. A complaint is subject to dismissal on statute of limitations grounds when the limitations defense is "apparent on the face of the complaint." See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). Brayboy's § 1983 claims are subject to a two-year statute of limitations. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [she] can file suit and obtain relief." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [the] action is based." Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998).

Brayboy's false arrest and false imprisonment claims accrued on the date of his arrest, September 29, 2001, because it was on this date that he knew or should have known of the basis for his claims. See Lloyd v. Ocean Twp. Counsel, 857 F. App'x 61,64 (3d Cir. 2021) (per curiam) (noting that false arrest and imprisonment claims begin to run at the time the plaintiff was "detained pursuant to legal process"); LeBlanc v. Snavely, 453 F. App'x 140, 142 (3d Cir. 2011) (per curiam); Green v. United States, 418 F. App'x 63, 67 (3d Cir. 2011) ("The statute of limitations for a § 1983 claim seeking damages for a violation of the Fourth Amendment for false arrest or false imprisonment begins to run 'at the time the claimant becomes detained pursuant to legal

process.'"). To the extent Brayboy also asserts malicious prosecution or wrongful conviction claims, his claims accrued on April 1, 2002, when his charges were withdrawn. See McDonough v. Smith, 139 S. Ct. 2149, 2156 (2019); Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989); Lloyd, 857 F. App'x at 64 (stating that the statute of limitations begins to run on malicious prosecution claims when "the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in [his] favor" (quotation omitted)). Finally, to the extent that Brayboy asserts due process claims related to the preliminary and pretrial stages of his criminal case, the latest those claims could have accrued was on the date his charges withdrawn, April 1, 2002. See Smith v. Delaware Cty. Court, 260 F. App'x 454, 455 (3d Cir. 2008) (per curiam) (applying Pennsylvania's two-year statutory period to plaintiff's claim that he was denied due process after his arrest and noting that the statute of limitations begins to run from the time when the plaintiff knows or had reason to know of the injury forming the basis for the federal civil rights action). Since Brayboy did not file this civil action until November 23, 2023, more than twenty-one years later than his claims accrued, his claims are time-barred.[5]

Brayboy asserts that "counsel informed [him] that [he] could not sue after winning [this] case." (Compl. at 10.) To the extent that Brayboy contends that his § 1983 claims should be equitably tolled because of the lawyer's misrepresentation, such a contention fails.[6] An attorney's

---

[5] Although the Complaint was not docketed until December 11, 2023, a prisoner's complaint is considered filed at the time he or she hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988); Moody v. Conroy, 680 F. App'x 140, 144 (3d Cir. 2017) (per curiam) ("Under the prison mailbox rule, . . . a pleading is deemed filed at the time a prisoner executes it and delivers it to prison authorities for mailing."). November 23, 2023 is the date Brayboy signed his Complaint in this action, so that is the earliest it could have been filed.

[6] "Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum." Lloyd, 857 F. App'x at 64.

mistake is generally not a ground for equitable tolling. Rockmore v. Harrisburg Prop. Serv., 501 F. App'x 161, 164 (3d Cir. 2012) (per curiam) ("Attorneys' mistakes are generally attributable to their clients, and mere negligence by an attorney is not generally found to rise to the 'extraordinary' circumstances required for equitable tolling."); Cromartie v. Alabama State Univ., 693 F. App'x 852, 853 (11th Cir. 2017) (per curiam) ("Cromartie argues that her delay is attributable to the 'legal malpractice' of 'her legal services provider,' but attorney negligence, even gross negligence, does not qualify as an extraordinary circumstance for purposes of equitable tolling."); Pena-Ruiz v. Solorzano, No. 07-2488, 2008 WL 228217, at *3 (D.N.J. Jan. 25, 2008) ("Attorney error is not a basis for equitable tolling in the Third Circuit because it does not rise to the level of the extraordinary circumstances which must be present for equitable tolling to apply."), aff'd, 281 F. App'x 110 (3d Cir. 2008).

Even if Brayboy had relied on legal advice in delaying the filing of this civil action, federal tolling law, like Pennsylvania tolling law, requires a plaintiff to exercise reasonable diligence in investigating and bringing his claims. See, e.g., McPherson v. United States, 392 F. App'x 938, 945 (3d Cir. 2010). It has been over twenty years since Brayboy's underlying criminal case was withdrawn. Brayboy has not alleged that he acted with reasonable diligence in bringing claims based on his twenty-year-old criminal case. See Shalhoub v. Depreta, 439 F. App'x 106, 108 (3d Cir. 2011) (per curiam) (affirming dismissal of complaint under § 1915 because plaintiff's "lack of diligence in investigating his claims and filing his complaint [was] fatal to his equitable tolling argument"). Accordingly, Brayboy's claims are time-barred. His Complaint must therefore be dismissed.

Even if Brayboy's claims were not time-barred, his claims would nevertheless be dismissed against the named Defendants. Judges, like Defendant Judge Cronin, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity

so long as they do not act in the complete absence of all jurisdiction. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Harvey v. Loftus, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam). In addition, the Commonwealth of Pennsylvania, and entities of the Commonwealth, such as the Pennsylvania Attorney General's Office (referred to in the Complaint as the "Government Jurisprudence Office"), are not "persons" subject to liability under § 1983. Lavia v. Pennsylvania Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Wattie-Bey v. Att'y Gen.'s Off., 424 F. App'x 95, 97 (3d Cir. 2011) (per curiam) (dismissing claims against Pennsylvania Attorney General's Office under the Eleventh Amendment). Any claims against Darby Borough fail because nothing in the Complaint alleges that the conduct of which Brayboy complains resulted from a Darby Borough policy or custom. See Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978) (holding that, to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation). Finally, Lexis Nexis is a private party and thus not a state actor subject to liability under § 1983. See Maday v. Dooley, No. 17-cv-4168, 2018 WL 4334072, at *9 (D.S.D. June 7, 2018), report and recommendation adopted, 2018 WL 3216126 (June 28, 2018) (dismissing Lexis Nexis from § 1983 case as it is not a state actor subject to liability under § 1983).

When a court dismisses a pro se complaint for failure to state a claim, the plaintiff should ordinarily be given leave to amend "unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, amendment is plainly futile: Brayboy's claims are more than two decades old, and are asserted only against defendants that are either immune from suit or are only liable in the case of a municipal policy or custom, which is not alleged. Leave to amend will therefore not be granted.

**IV.    CONCLUSION**

For the foregoing reasons, I will grant Brayboy leave to proceed <u>in forma pauperis</u> and dismiss his Complaint. An appropriate Order follows.